## Phœnix Brewing Company *v.* Weiss, Appellant.

*Promissory notes—Notice of protest—Mailing notice.*

The fact of depositing in the post office a properly addressed prepaid letter enclosing notice of protest of a promissory note, raises a natural presumption, founded in common experience, that it reached its destination by due course of mail.   It is prima facie evidence that it was received by the person to whom it was addressed, but the prima facie proof may be rebutted by evidence showing that it was not received.   The question is one of fact solely for the determination of the jury under all the evidence.   It is immaterial whether the notice is placed in the street mail box from which frequent collections are made, or in the general post office of the city.

*Practice C. P.—Trial—Remarks of counsel.*

A judgment will not be reversed by reason of alleged improper remarks of counsel to the jury, where the remarks are not an unfair inference to be drawn from the whole evidence.

Argued May 5, 1903.   Appeal, No. 110, April T., 1903, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1901, No. 439, on verdict for plaintiff in case of Phœnix Brewing Company v. C. Theodore Weiss.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a promissory note against indorser.   Before MACFARLANE, J.

At the trial it appeared that the notice of protest was mailed to defendant at a street mail box in front of the notary's office. The court admitted under objection and exception the notice in question.   [6]

Defendant presented these points:

1. In order to hold defendant liable as indorser the evidence

must show that demand for payment of note sued on was made upon the date of its maturity, at the place of payment, and that payment was refused, and that notice of its dishonor was given to defendant, on the day of said dishonor, by the notary, either personally, or by notice deposited by said notary personally in the post office at Pittsburg, or delivered by said notary personally to a duly authorized carrier connected with said post office, with proper and full postage affixed and prepaid, and addressed to defendant, in his own proper name, to his place of residence. *Answer:* Refused. [8]

2. That under all the evidence in this case, the verdict must be for the defendant. *Answer:* Refused. [9]

Defendant's counsel excepted to remarks made by counsel for plaintiff in his argument to the jury, as follows : The father and son got together. The son transferred all of his property to the father, and the father took it all, and thus defeated his son's creditors. You gentlemen see how it was done. I leave it to you. [11]

Verdict and judgment for plaintiff for $1,277.88. Defendant appealed.

*Errors assigned* were (6) rulings on evidence, quoting the bill of exceptions ; (8, 9) instructions as above, quoting them ; (11) remarks of counsel as above, quoting them.

*L. C. Barton,* for appellant.—All the authorities are that mailing of the notice is only prima facie, and can be rebutted by parol testimony or otherwise : Farmers' Nat. Bank v. Marshall, 9 Pa. Superior Ct. 621 ; London Assurance Corp. v. Russell, 1 Pa. Superior Ct. 320 ; Shoemaker v. Bank, 59 Pa. 79 ; Oxnard v. Varnum, 111 Pa. 193 ; Linderman v. Pomeroy, 142 Pa. 168 ; Whitmore v. Insurance Co., 148 Pa. 405.

The authorities are numerous that remarks, such as made in this case, are grounds for reversal, but we will refer to Henry v. Huff, 143 Pa. 548, and Bullard v. Boston, etc., R. R. Co., 5 Atl. Repr. 838.

*Joseph Stadtfield,* for appellee, cited : Jensen v. McCorkell, 154 Pa. 323 ; Pearce v. Langfit, 101 Pa. 507 ; Smyth v. Hawthorn, 3 Rawle, 355.

OPINION BY ORLADY, J., October 30, 1903

It is not material whether the notice of protest was mailed to the defendant in the street mail box in front of the notary's office, from which collections were made six or seven times a day, or in the general post-office at Allegheny. Each place was a recognized depositary of the government post-office system of receiving and forwarding mail matter, and the testimony of the clerk of the notary was explicit that he had personally placed a proper notice of protest in the mail box at one or the other of the named places. It is well settled that the fact of depositing in the post-office a properly addressed, prepaid letter, raises a natural presumption, founded in common experience, that it reached its destination by due course of mail. It is prima facie evidence that it was received by the person to whom it was addressed, but that prima facie proof may be rebutted by evidence showing that it was not received. The question is one of fact solely for the determination of the jury under all the evidence : Jensen v. McCorkell, 154 Pa. 323; McSparran v. Southern Mutual Insurance Co., 193 Pa. 184; Black v. Roebuck, 17 Pa. Superior Ct. 324; Sitler v. Spring Garden Mutual Fire Insurance Co., 18 Pa. Superior Ct. 139. This rule has been announced in many cases, and the disputed fact was properly submitted to the jury.

The plaintiff's right to recover did not depend upon the testimony of the notary's clerk alone, inasmuch as two other witnesses testified that the defendant had made a subsequent promise to pay the debt.

The remarks of plaintiff's counsel in addressing the jury, to which an exception was taken, were not so violative of the rule governing such matters as to warrant a reversal of the judgment. The testimony was brief, the witnesses few in number, and in considering the whole transaction the plaintiff's contention was not an unfair inference to be drawn from the whole evidence. The jury could not be misled or prejudiced thereby, and the trial judge did not consider it necessary to give special attention to this exception, but left the whole question to the jury in a fair and adequate charge. The assignments of error are overruled and the judgment is affirmed.