## Skokan v. Em Lou Coal Company et al.

*Workmen's compensation — Practice, C. P. — Notice of appeal — Mailing notice insufficient—Perfecting of appeal—Act of June 26, 1919.*

1. Section 427 of the Act of June 26, 1919, P. L. 642, requiring notice of appeal from the decision of the Workmen's Compensation Board to be given to adverse parties, is not complied with by depositing such notice in the post-office.

2. If the appellant files an affidavit that notice, setting forth the date of the appeal and the court in which the same was filed, was addressed to the adverse party and duly deposited in the post-office, and the adverse party files an affidavit that no such notice was ever received, the court will treat the notice as never given.

3. In such case the court will not permit the appeal to be perfected after the expiration of the ten days provided by the act for an application for an extension of time.

Motion to strike off and vacate the appeal of plaintiff from decision of the Workmen's Compensation Board. C. P. Jefferson Co., Jan. T., 1921, No. 42.

*Brown & Means,* for motion;   *Charles J. Margiotti,* contra.

CORBET, P. J., Nov. 29, 1921.—The court is moved to strike off and vacate the appeal in this case for the reason that the party taking it did not, at the time of taking it, serve upon the defendant or insurance carrier, the adverse parties, a written notice thereof, setting forth the date of the appeal and the court in which the same was filed, as required by the Act of Assembly approved June 26, 1919, § 427, P. L. 642, 665.

Claimant, or plaintiff, filed an answer to the rule to show cause on the motion, in which she set forth: "That on the day the appeal was taken her said attorney forwarded a notice of the appeal to The Employers' Liability Assurance Corporation, Ltd., and the Em Lou Coal Company, at 701 Commonwealth Building, Pittsburgh, Penna.; a copy of said notice is hereto attached, marked Claimant's Exhibit 'A.' Said copy was mailed at a U. S. post-office at Punxsutawney, Penna., on the date of the appeal, as appears on the notice."

To support the answer, claimant offered the affidavit of Theresa A. Gigliotti (by agreement to be treated as a deposition), in which she deposed that, as private stenographer of Charles J. Margiotti, she, on Nov. 13, 1920, mailed

1 D. & C.

at the United States post-office, Punxsutawney, Penna., a letter addressed to The Employers' Liability Assurance Corporation, Ltd., 701 Commonwealth Building, Pittsburgh, Penna., which was as follows:

"Punxsutawney, Pa., Nov. 13, 1920.
"The Employers' Liability Assurance Corporation, Ltd.,
           and Em Lou Coal Company,
       "701 Commonwealth Building, Pittsburgh, Pa.:
   "Gentlemen: This is notice to you that I have entered an appeal in the Court of Common Pleas of Jefferson County, Penna., at Brookville, Penna., this date, to wit, Nov. 13, 1920, in the Matter of Mary Skokan v. Em Lou Coal Company.

"(Signed)   CHAS. J. MARGIOTTI."

   That, subsequently, on March 24, 1921, at the direction of Mr. Margiotti, she wrote and mailed the following letter to The Employers' Liability Assurance Corporation, Ltd., 701 Commonwealth Building, Pittsburgh, Penna., viz.:

"March 24, 1921.
"Mr. J. S. Carroll,
   "c/o Employers' Liability Exchange Cor., Ltd.,
       "701 Commonwealth Building, Pittsburgh, Pa.:
   "Dear Sir: The case of Mary Skokan v. Em Lou Coal Company, appeal No. 42, January Term, 1921, in the Court of Common Pleas of Jefferson County, Brookville, Penna., I beg to advise that same was set for argument March 7, 1921, and when you did not appear for the defendant I requested the court to continue the argument until some date which would be satisfactory to you. Will you kindly advise me just when it would suit you to argue the appeal in this case?

"Very truly yours,
"(Signed)   CHAS. J. MARGIOTTI."

   In support of the motion, defendants offered the affidavit of N. C. Fraley (by agreement to be treated as a deposition), as follows: "N. C. Fraley, being duly sworn according to law, deposes and says that he is an adjuster in the employ of The Employers' Liability Assurance Corporation, Limited, of London, England, and is in charge of the Western Pennsylvania Branch Claim Department of said corporation, located at Pittsburgh, Penna., at Rooms 701-702 Commonwealth Building, in said city; that he was in charge of said office on Nov. 13, 1920, the date of the appeal taken by the plaintiff in the above stated case from the decision of the Workmen's Compensation Board of the State of Pennsylvania; that he would be the proper officer or representative of said corporation upon whom to serve notice of said appeal, as required by the Act of Assembly of the Commonwealth of Pennsylvania, approved June 26, 1919, § 427, P. L. 642, 665; that no such notice was served upon him or upon any employee of said office, personally or by mail, or otherwise, and that he and said office did not learn of the taking of said appeal until long after Nov. 13, 1920, the date of the taking of the same as aforesaid, and not until after it had been called for argument in said court, for which reasons it is respectfully requested that said appeal be vacated and stricken off."

   Section 427 of the Act of June 26, 1919, P. L. 642, 665, contains the following provisions:

   "Any party may appeal from any action of the board on matters of law to the Court of Common Pleas of the county in which the accident occurred. . . . Such appeal must be brought within ten days after notice of the action of the

Skokan *v.* Em Lou Coal Company et al.

board has been served upon such party, unless any Court of Common Pleas to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal. The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed, and shall file with his notice of appeal such exceptions to the action of the board as he may desire to take, and shall specify the findings of fact, if any, of the board, or of the referee sustained by the board, which he alleges to be unsupported by competent evidence.

"Upon filing of the notice of an appeal, the Prothonotary of the Court of Common Pleas to which the appeal has been taken shall issue a writ of *certiorari*, directed to the Workmen's Compensation Board, commanding it, within ten days after service thereof, to certify to such court its entire record in the matter in which the appeal has been taken."

On June 30, 1920, the referee awarded in favor of claimant. Defendants appealed therefrom, and on Nov. 5, 1920, the board set aside the referee's findings of fact, conclusions of law, and award, and disallowed compensation.

Claimant appealed, but at no time filed any notice, which had been served upon the adverse party, of the taking of it. Without this the prothonotary was not authorized to issue the writ of *certiorari*.

The section of the Act of June 26, 1919, referred to, says: "The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof." Was there such notice served in the present case? We are of opinion there was not. While, with respect to commercial paper, "it is well settled that the fact of depositing in the post-office a properly addressed prepaid letter raises a natural presumption, founded in common experience, that it reaches its destination by due course of mail" and "is *prima facie* evidence that it was received by the person to whom it was addressed," it "may be rebutted by evidence showing that it was not received," Phoenix Brewing Co. *v.* Weiss, 23 Pa. Superior Ct. 519, that rule "establishes no such legal conclusion in other business relations," Kenney *v.* Altvater, 77 Pa. 34. The act in question requires that actual, not merely presumptive, and therefore rebuttable, notice be given. It prescribes the method whereby the adverse party is to be brought into the appellate court, and no other method can be utilized or substituted for the purpose. As well might a sheriff mail to the defendant a summons placed in his hands to be served. As a matter of fact, there was no service in this case of the required notice.

It is our opinion the appeal must be dismissed. Claimant in her answer requests permission to perfect her appeal. We do not find any authority in section 427 of the Act of June 26, 1919, for so doing. The provision therein limiting the time for appeal to ten days, "unless any Court of Common Pleas to which an appeal lies shall, upon cause shown, extend the time herein provided for taking the appeal," clearly indicates that the application for extension of time, and any grant of it, must occur within the running of the ten days, and not thereafter: Maguire *v.* Ballard Knitting Co., 29 Dist. R. 994. Once the appeal is barred, we are unaware of any power vested in the court to remove the bar.

And now, Nov. 29, 1921, after hearing and due consideration, the rule to show cause is made absolute and the appeal is dismissed, at the cost of the claimant. Unless an appeal be taken from this judgment within thirty days, the prothonotary is directed to remit the record of the Workmen's Compensation Board to it.      From Raymond E. Brown, Brookville, Pa.