## Transcontinental Oil Co. et al. *v.* Atlas Assurance Co., Ltd., Appellant.

*Practice, C. P.—Affidavit of defense—Facts not denied—Admissions—Information and belief.*

1. Facts not denied by an affidavit of defense are to be considered as admitted, and, where contradicted on information and belief,

defendant must allege he expects to be able to prove their falsity, unless the affiant avers inability to obtain information in regard to the matters in dispute, after proper investigation.

*Insurance — Fire insurance — Delivery of policy — Payment of premiums—Principal and agent—Act of May 17, 1921, P. L. 789.*

2. Payment to an insurance agent, authorized or having apparent authority to receive the premiums, is equivalent to payment to the insurer, and the policy has its inception from the instant such payment is made.

3. If the insurer has intrusted the policy to its agent for delivery to the insured and the latter, in reliance thereon, has paid the premium to such agent, the insurer cannot be heard to say that such agent has not authority to collect.

4. This rule applies to a case where an insured sues the insurer for a balance of unpaid premium on a cancelled policy, where the defendant denies the receipt of the premium, but does not aver a failure on the part of the insured to pay the sum to the agent to whom the defendant had given the policy for transmission.

5. When a policy of insurance is cancelled, the liability of the insurer for the unearned premium becomes fixed, and it is bound to pay, or give credit on any obligation it might have received.

6. There is nothing in the Act of May 17, 1921, P. L. 789, to change the well established rule that an insurance company, in handing a policy to an agent for delivery, authorizes the agent to accept the premium on its behalf.

Argued October 9, 1923. Appeal, No. 52, Oct. T., 1923, by defendant, from order of C. P. Allegheny Co., April T., 1923, No. 2646, making absolute rule for judgment for want of sufficient affidavit of defense, in case of Transcontinental Oil Co. and United Producers Pipe Line Co. v. Atlas Assurance Co., Ltd. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover unearned premiums on fire insurance policy after cancellation. Before REED, J.

Rule for judgment for want of sufficient affidavit of defense.

The opinion of the Supreme Court states the facts.

Rule absolute. Defendant appealed.

*Error assigned* was order, quoting record.

*Horace Michener Schell,* with him *Saul, Ewing, Remick & Saul* and *Reed, Smith, Shaw & McClay,* for appellant.—The affidavit of defense was sufficient: Wiland v. Ins. Co., 61 Pa. Superior Ct. 409.

The facts as they are developed here in the affidavit of defense are analogous to the following cases: Pottsville Mut. Fire Ins. Co. v. Improvement Co., 100 Pa. 137; Freedman v. Insurance Co., 182 Pa. 64; Bateman v. Ins. Co., 189 Pa. 465; Clymer Opera Co. v. Ins. Co., 50 Pa. Superior Ct. 645.

*C. F. C. Arensberg,* of *Patterson, Crawford, Miller & Arensberg,* for appellees.—The delivery by the insurance company, of the policies to insurance agents, carried with it the authority in the agents to receive the premiums due on behalf of the company: Gosch v. Ins. Co., 33 Pa. Superior Ct. 496; Lebanon Mut. F. Ins. Co. v. Erb, 112 Pa. 149; Arthurholt v. Ins. Co., 159 Pa. 1; Riley v. Ins. Co., 110 Pa. 144; Peretzman v. Ins. Co., 258 Pa. 319.

OPINION BY MR. JUSTICE SADLER, January 7, 1924:

Plaintiffs were the owners and operators of oil properties in several states, and desired insurance to the amount of $725,139 for protection against possible loss by fire of the buildings and materials used in connection with their business. An application for this was made through Edwards, George & Company of Pittsburgh, who, in turn, communicated with O'Neill, Moltz & Heavner, and its agent in New York, one Simmonds, secured the issuance of a policy numbered 7260 by the Atlas Assurance Company. This defendant is an English corporation, with representatives in the United States, and the contract was executed on its behalf, the premium being fixed at $18,994.64. The policy was given to Simmonds by the insurer, by him transmitted to his firm, which passed it to Edwards, George & Company. The latter delivered it to the plaintiffs, and received the full amount of premium agreed upon. The policy was dated June 17, 1921.

On October 10th following, the insurance was cancelled and surrendered, and, in December, a new policy, numbered 103, for a less amount, was issued, and sent directly to Edwards, George & Company, or through the other agents referred to, and delivered to plaintiffs. Under the terms of both agreements, provision was made for the return of any unearned premium, in the event of termination of the contract by defendant. When the liability on 7260 was ended, the sum collectible as such was $11,788.56, and the amount to be paid by the insured, under the terms of 103, was $10,325.73, leaving an apparent balance in favor of plaintiffs of $1,462.83, if credit was taken, and given, as alleged. Notice of cancellation of the second policy was transmitted in writing on February 20, 1922, and, at that time, the unearned premium on it was $6,536.13.

Demand was made for repayment of the sums claimed to remain due, and a refusal to comply led to the present suit, the facts above set forth appearing in the plaintiffs' statement. The affidavit of defense filed was held to be insufficient by the court below, and judgment was entered for the full amount asked; from which this appeal is taken.

The averments relied upon to defeat the action must be examined in light of the rule that facts not denied are to be considered as admitted, and, where contradicted on information and belief, defendant must allege he expects to be able to prove their falsity, unless the affiant avers inability to obtain any information in regard to the matters in dispute, after proper investigation: Buehler v. U. S. Fashion Plate Co., 269 Pa. 428; Franklin S. R. Co. v. Hanscom Bros., 273 Pa. 98. Here, we find an admission of the execution of the policies, handing of them to the agents, the delivery to plaintiffs, who paid the consideration named, the respective cancellations, and the amount of unearned premiums then accrued. As to policy 103, there is the statement that the writing passed directly from defendant to Edwards, George & Co., which

transmitted it to the insured, but this difference we regard as immaterial.

Other reasons for denying judgment were set forth, but, upon examination, these will be found to rest on legal conclusions, asserted on the basis of the facts detailed. Whether, as averred, the parties through whose hands the policies passed, are to be treated as brokers or agents, is clearly of this character. The denial of the receipt of the premium by the defendant company is made, but not a failure to pay the sum to the agent who had the policy for transmission, and who delivered it. The statement that the satisfaction of the consideration named in the second policy was not by way of crediting the amount against the unearned accruals on the first, then due to insured, is an inference sought to be drawn from the contradiction of an actual payment to it. If there was such a balance owing, the plaintiffs could so appropriate it; and, we may note, policy 103 was sent to the agent for delivery without restriction, and, by its terms, the defendant agreed to insure, in "consideration of the stipulations herein named, and of $10,325.73 premium."

When policy 7260 was cancelled and surrendered, the liability of the insurance company for the unearned premium became fixed (Gosch v. Firemen's Ins. Co., 33 Pa. Superior Ct. 496; Baldwin v. Pa. Fire Ins. Co., 206 Pa. 248), and it was bound to pay, or give credit, on any obligation it might have received: Chadbourne v. German-American Ins. Co., 31 Fed. 533. It substituted a new contract for the first, and the obligation of the insured was limited to any excess above the amount due them, and, in this case, they were the creditors. A somewhat similar situation was presented in Arnfeld & Sons v. Assurance Company, 172 Pa. 605, where the contract was cancelled by notice to a broker, and a new policy, for a like amount, taken out by him in another company. It was there said, the unearned premium on the first was applicable to the payment of the sum due on the substi-

tute. In the present instance, both policies were issued by the same company, and the balance due plaintiffs would, in the ordinary course of business, be appropriated, as far as necessary, to the new indebtedness incurred. Certainly, it does not appear that instructions were given not to deliver, unless further payment was made.

Examining the affidavit as a whole, and defendant is presumed to have stated the case in a way most favorable to its contention (Wright v. General Carbonic Co., 271 Pa. 332), we are unable to find any real dispute as to material facts, and appellant's right to have the summary judgment set aside must depend on the sufficiency of the legal defenses suggested. There is no effective denial that the full amount of the first premium was paid to Edwards, George & Co., to whom the policy had been sent for delivery, and that it remitted to the next agent in line, but it is insisted no liability attached to the insurer, without actual receipt of the consideration. The general rule applicable in such cases has been thus stated: "Payment to insurer's agent, authorized or having apparent authority to receive the premium, is equivalent to payment to insurer; and the policy has its inception from the instant such payment is made. And it is no defense to the company that the agent has not remitted at all......,If the insurer has intrusted the policy to its agent for delivery to the insured, and the latter, in reliance thereon, has paid the premium to such agent, the insurer cannot be heard to say that such agent has not authority to collect": 26 C. J. 62.

The situation differs from that found in cases where the plaintiff, through his representative, makes untrue material statements, on the faith of which the policy is issued, and then delivered; and the line of authorities cited by appellant, of which Freedman v. Ins. Co., 182 Pa. 64, and Clymer Opera Co. v. Ins. Co., 50 Pa. Superior Ct. 645, are types, is not applicable. Under situations such as here disclosed, the insurer does nothing to mis-

lead. On the other hand, the giving of possession of an executed policy to an agent naturally invites the payment of the premium to him, a consequence which the company must be held to have contemplated: Gosch v. Firemen's Ins. Co., supra. This has been frequently held in Pennsylvania, and liability imposed, where it appeared the insurance contract was placed in the hands of the agent or broker, to whom the consideration called for was given: Peretzman v. Ins. Co., 258 Pa. 319; Riley v. Ins. Co., 110 Pa. 144; Lebanon Mut. Ins. Co. v. Erb., 112 Pa. 149; Arthurholt v. Susquehanna Mut. Fire Ins. Co., 159 Pa. 1.

We are not unmindful of the decision in Pottsville Mutual Fire Ins. Co. v. Improvement Co., 100 Pa. 137, where there was no authorization to the collecting agent to make delivery, and it was held, the premium not having been received by the company, a recovery could not be had. Though distinguishable on its facts, subsequent declarations by this court weaken its authority. Justice DEAN, in referring to it, in Arthurholt v. Fire Ins. Co., supra, p. 9, said, in part: "It ought to be held that, under a clause [requiring the receipt of payment by the company], the insurers themselves waive it, whenever, by their voluntary act, the policy leaves the office to be delivered to the insured on payment of the premium; and this without regard to the fact that someone, having no nominal connection with the company as agent, hands over the policy and receives the premium. By the very fact of issuing a policy which requires, apparently, nothing but delivery and payment of premium to put it in force, the company arms every man into whose hands it may come with the power to receive its money; there could be no conduct more significant of an intention to waive the advantage of such a clause than this."

Defendant challenges the controlling effect of the decisions we have referred to, in view of the passage of the Act of May 17, 1921, P. L. 789, which, amongst other things, defines insurance agents and brokers, and pro-.

vides, in the case of the former, that power to act for the company must be given in writing. The purpose of article VI (P. L. 810), called to our attention, was to compel registration of the classes of individuals named, and to prohibit the doing of certain acts declared unlawful. There is nothing in the statute relied upon which may be said to change the well established rule that the insured, in making payment, may safely rest on the implied authority to receive the premium, which the company confers on the person to whom the policy has been given for delivery.

We are convinced the court below properly held the affidavit of defense insufficient, and the assignment of error is overruled.

The judgment is affirmed.