Pennsylvania Company for Insurances on Lives and Granting Annuities, Guardian, *v.* Home Life Ins. Co. of America, Appellant.

Argued December 7, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Raymond A. White, Jr.,* of *Sloan, White & Sloan,* for appellant.—The policy of insurance in question was never in force, and, therefore, defendant company is not responsible for the payment of any sum under it.

The case at bar is governed by Gordon v. Ins. Co., 231 Pa. 404.

*F. J. Shoyer,* with him *Blumberg & Sork,* for appellee. —Hindin, the broker, was authorized not only to deliver the policy, but to collect the premium.

Hindin had authority to accept a check through the mails and the payment of the premium dates from the moment it was deposited in the mails: Taylor v. Ins. Co., 50 U. S. 390; Ætna Life Ins Co. v. Clark, 62 Pa. Superior Ct. 528.

Reaching its destination before date when premium becomes due is not necessary: Burton v. U. S., 202 U. S. 344; Patrick v. Bowman, 149 U. S. 411.

OPINION BY MR. JUSTICE FRAZER, January 7, 1929:

Through Hindin, an insurance broker, Samuel Rivelis made application for a $10,000 life insurance policy with defendant company. The application was approved on delivery by the broker to Laster, the general agent of defendant in the City of Philadelphia. Two policies, one for $5,000 and the other for $10,000 were given to Hindin by Laster with instructions and directions to deliver them to Rivelis to inspect and make choice of which he would accept. Under this authorization, the policies were delivered as directed. About two weeks later, on January 13, 1926, Rivelis mailed a letter to Hindin, acting for the general agent, stating he had decided to take the $10,000 policy. With the letter he returned the $5,000 policy and also inclosed a check made to Hindin for $324, in payment of the first premium. The letter was mailed at 5:15 P. M. on the day it was written and the postmark on the envelope was stamped at "6 P. M." of the same evening. Hindin received the letter and

check the next morning, deposited the check with his bank and later in the day gave his own check for $324 to the general agent of defendant company, by whom it was accepted and a receipt therefor given to Hindin, signed by the treasurer of the company and countersigned by Laster. Between 8 and 9 o'clock on the evening of January 13th, the day on which the letter from Rivelis was mailed by his stenographer, he met his death in his garage by reason of noxious fumes. Upon refusal of the insurance company to pay the policy to the beneficiary, a minor child of deceased, suit was brought to recover the amount of $10,000 with interest. The jury rendered a verdict for plaintiff in the sum of $11,400. A motion for judgment n. o. v. was overruled and judgment entered for the amount, from which action this appeal is taken.

Defendant company argues the policy in question was not in force and effect, basing its contention on the ground that the first premium was not paid by insured and that Hindin was not the agent of insurer, but of insured. A provision in the policy reads: "It is agreed (1) that there shall be no liability hereunder until a policy shall be issued and delivered to me while in good health and the first premium thereon actually paid during my lifetime." The contention by appellant that this provision was not complied with is shattered by the uncontroverted facts in the case. All requirements necessary to complete the contract of insurance between Rivelis and the insurance company were undoubtedly fulfilled by him in his lifetime, some hours before his accidental death. The policy was delivered to him, he accepted it and made the first annual payment while still alive and in good health. Delivery of the policy and payment of the premium put the policy in force immediately: Arthurholt v. Susquehanna Mut. Fire Ins. Co., 159 Pa. 1. The contract was complete, and completed in his lifetime, and consequently the relation of insurer and insured existed previous to and at the time of his death.

The payment by check was legal, since no specification existed in the policy as to the manner in which annual premiums should be made, and several days before his death Rivelis had informed Hindin that when he made his choice as to which of the two policies he would take, he would forward to him a check for the amount of the first payment. Insured was unquestionably dead when the insurance company received that first payment, and it is true that neither defendant nor its agents knew at the time of the death of insured. But it is equally certain that the insurance contract was fully executed while he was alive and in good health, and the requirements in the policy as to the payment of the premium were accordingly fully fulfilled by insured.

Hindin throughout the entire transaction with Rivelis acted as the authorized agent of defendant company and was so in fact. He had received specific authorization to that effect from the general agent of the company in Philadelphia. He received from appellant the application for insurance which he delivered to Rivelis to fill out, and the two policies were delivered to him by the general agent with the plain and definite instruction and direction that: "You deliver the policies to Mr. Rivelis, and the policy which he will take, we will collect the premiums, and the rest that he don't take in insurance, we will take back and we will not charge anything for it." Being thus instructed and delegated with authority to act as agent, or subagent, Hindin carried the transaction with the insured through to the end. Such agency appointment and delegation of authority to act for the principal is common in the insurance trade. By reason of his business, a general insurance agent may, in the due prosecution of the business of his principal, delegate to another authority to do any act within the scope of his authority, such subagent becoming the agent of the company, and his acts, within the scope of the delegated authority, being binding on the company: 32 C. J. 1068; and payments of premiums to a mere insurance broker

are sufficient, if the broker is an agent of the company, authorized to receive such payments: 32 C. J. 1200. In McGonigle v. Susquehanna Fire Ins. Co., 168 Pa. 1, the general agent of the insurance company engaged the services, in securing the insurance in question, of a solicitor of insurance. His authority as agent was denied and his acts repudiated by defendant company. It was shown by the evidence that, while he was not appointed as an agent, he was a solicitor of insurance for the general agent, looked up properties to be insured, took applications, oral and otherwise, for such insurance, brought them to the general agent, and the issuance of policies thereon followed. It was held by the referee in the case, whose report was confirmed by the court below and affirmed by this court, that he was a subagent in the due prosecution of the business of his principal and that the acts of such subagent have the same effect as if done by the agent himself, citing Swan v. Watertown Fire Ins. Co., 96 Pa. 37, where it was further declared, page 42, that "in such case, the subagent becomes the agent and direct representative of the principal."

In the case before us, the explicit delegation of authority by Laster, the general agent, to Hindin to deliver the policies, his later direction to Hindin: "As soon as you collect the money, bring it to me"; the facts that he received and paid the premium over to the company, which was accepted, that he later prepared the proofs of the death of Rivelis, received the statement of claim of the widow against the company and delivered these papers to the general agent, who acknowledged in writing his receipt of them, are acts that so completely invest the broker with the sufficient legal attributes and authority of an agent, that we think it wholly unnecessary to go further into a consideration of this aspect of the case. As such agent, he was given possession of policies and directed to deliver them to the insured, and in plain terms was told to collect the premium and deliver the money to the general agent. If the insurer has intrusted

the policy to its agent for delivery to the insured; and the latter, in reliance thereon, has paid the premium to such agent, the insurer cannot be heard to say that such agent has not authority to collect: 26 Cyc. 62.

Judgment affirmed.