Standard Motor Freight, Inc. *v.* Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, Appellant.

Argued April 12, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*John V. Wherry,* with him *John L. Miller* and *Duff, Scott & Smith,* for appellant.

*Ella Graubart,* with her *Patterson, Crawford, Arensberg & Dunn,* for appellee.

OPINION BY ARNOLD, J., July 19, 1945:

Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company on August 26, 1938 issued its policy of casualty insurance to the Standard Motor Freight, Inc. (hereinafter called the insured). A substantial portion of the premium was financed by the Insurance Premium Finance Company. One McFadden delivered the policy to, and was paid the premium by, the Finance Company, which held the policy as collateral to notes of the insured.

On December 7, 1938 the Finance Company returned the policy to the Insurance Company for cancellation and payment of the unearned premium, and upon the latter not being paid brought this action of assumpsit. Defendant offered no testimony and the case went to the jury on the narrow issue of whether the Insurance Company clothed McFadden with apparent authority to receive the premium. The jury found for plaintiff for the unearned premium; judgment was entered, and de-

fendant Insurance Company appeals from the refusal of the court to enter judgment for it n. o.v.

The Insurance Company admitted by affidavit of defense that the policy was regularly issued by it, but denied that the Insurance Company delivered the policy to McFadden. Neither by pleading nor by evidence did the Insurance Company show to whom it was delivered.

The Insurance Company and its own agent had exclusive control of the policy, exclusive knowledge of what became of it and whether McFadden had been entrusted to deliver it, and exclusive command of the evidence of those facts. The defendant not having offered any evidence or explanation of what became of the policy when issued, the jury had a right to infer, as it did, that the Insurance Company (at least in the eyes of the law) received the premium, and had armed McFadden with the apparent authority to take the premium for it.

In *Arthurholt v. Susquehanna Mutual Fire Ins. Co.*, 159 Pa. 1, 9, 28 A. 197, it was held: "By the very fact of issuing a policy which requires, apparently, nothing but delivery and payment of premium to put it in force, the (insurance) company arms every man into whose hands it may come with the power to receive its money." In *Transcontinental Oil Co. et al. v. Atlas Assurance Co., Ltd.*, 278 Pa. 558, 563, 123 A. 497, the court held: "Payment to insurer's agent . . . . . . having apparent authority to receive the premium, is equivalent to payment to insurer . . . . . . If the insurer has entrusted the policy to its agent for delivery to the insured, and the latter, in reliance thereon, has paid the premium to such agent, the insurer cannot be heard to say that such agent has not authority to collect." Citing 26 C. J., Fire Insurance, Section 58. The Restatement, Agency, section 71, states the rule: "Unless otherwise agreed, authority to receive payment is inferred from authority to conduct a transaction if the receipt of payment is incidental to such a transaction,

usually accompanies it, or is a reasonably necessary means for accomplishing it."

It is well understood that the writing agents of insurance companies must of necessity transact many of the formalities through clerks and subordinates. It is uncommon for the writing agent *personally* to deliver each policy to each insured. Premiums are not invariably received by the writing agent *personally*, but rather by the cashier or subordinate of the office. Where, as frequently, the agency is incorporated, none of the acts in question can be *actually* done by the writing agent but by necessity must be accomplished by the officers and employes for the incorporated agent. Even though the insurance company claims that McFadden was not its *writing agent*, it did not reveal whether or not he had been intentionally entrusted with the policy. He might be, and probably was, an employe, special or general, of the writing agent.

The choice of the Insurance Company not to make any explanation of what became of its own policy, intentionally issued, may be explained as an effort to save its writing agent from liability to the Insurance Company, for obviously the writing agent was liable to the Insurance Company for the premiums if the policy was entrusted to McFadden by the writing agent. The policy was issued August 26, 1938 and was not cancelled until December 1, 1938, being in force for over three months, during which time the Insurance Company made no complaint about its delivery, or the payment of premiums.

See also *McGonigle v. Susquehanna Mutual Fire Insurance Co.*, 168 Pa. 1, 31 A. 868; *Pa. Co., etc. v. Home Life Ins. Co. of America*, 295 Pa. 286, 145 A. 286; *Gosch v. Firemen's Ins. Co.*, 33 Pa. Superior Ct. 496; *Simpson v. Equitable Life, etc.*, 127 Pa. Superior Ct. 386, 193 A. 309.

The judgment is affirmed.