## Infantino *v.* Quaker City Fire & Marine Insurance Company, Appellant.

Argued April 11, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Anthony C. Troiano,* with him *Margiotti & Casey* and *Abe J. Goldin,* for appellant.

*Ella Graubart,* with her *Patterson, Crawford, Arensberg & Dunn,* for appellee.

OPINION BY ARNOLD, J., July 19, 1946:

In an assumpsit action for unearned premiums the court below entered judgment for want of a sufficient affidavit of defense and defendant appealed. Defendant's pleading admitted that defendant issued its policy naming Tony Infantino (the legal plaintiff) as insured, covering loss by fire, theft, collision, etc., as to specifically enumerated motor trucks; that one McFadden was its duly authorized agent, and that he delivered it to Insurance Premium Finance Company which paid to McFadden part of the premium; and that defendant cancelled the policy.

Payment to McFadden was payment to the Insurance Company, and it having, in the eyes of the law, received the premium, was bound, when it cancelled the policy, to pay back the unearned premium to Tony Infantino or his assigns.

Tony Infantino is on the record as plaintiff, with counsel. Tony Infantino thus—and apart from the use-plaintiff Finance Company—ratifies the issuance of the policy to him and the assignment thereof. The Finance Company likewise is on the record, with counsel, as use-plaintiff, claiming to be Infantino's assignee of the policy.

Defendant alleged that the policy was issued without the knowledge and consent of Infantino. Nevertheless the defendant did issue it, did receive the premium, did cancel it and did not return the unearned premium. On the other hand, Infantino ratified the contract of insur-

ance, demands the return of the premium and asserts the right to recover it.

The defendant pleaded that the assignment was forged. If true, the Finance Company was a volunteer in its payment to defendant, but while this would prevent the Finance Company from recovering in its own name, it could not defeat recovery by the legal plaintiff, Infantino. In *Proudley v. Fidelity & Guaranty Fire Corporation,* 345 Pa. 385, 29 A. 2d 48, 51 (where the assignment was allegedly forged) Justice STERN wrote:

"Whatever rights the Finance Company has, therefore, are only derivative from those of the legal plaintiffs, and it is on the rights of the latter alone that recovery must be based. The extent of the interest of the use-plaintiff and its relations with the legal plaintiffs are not questions for consideration in the present suits . . . [Citing cases].

"Are, then, the legal plaintiffs entitled to recover in these actions? It must be presumed that they are properly on the record, no challenge in that regard having been made by defendants: Commonwealth v. Great American Indemnity Co., 312 Pa. 183, 189, 167 A. 793, 795. . . . Thus having, in the eye of the law, received payment of the premiums, the Insurance Companies are obliged, by the provisions of the policies, to return to the insured, that is, to the legal plaintiffs, the unearned premiums on the cancelled policies. Transcontinental Oil Co. v. Atlas Assurance Co., Ltd., 278 Pa. 558, 562, 123 A. 497, 498. It is, of course, no defense that the premiums were not actually paid by the legal plaintiffs but by a volunteer on their behalf."

Defendant owed the return premium to either Infantino or the Finance Company. It has paid neither though admits that the premium was paid it.

Judgment affirmed at cost of appellant.