## Keystone Insurance Company v. Morello

*Dean B. Stewalt, Jr.,* for plaintiff.
*William F. Fox,* for defendant.

SCIRICA, J., April 6, 1972.—Plaintiff, Keystone Insurance Company, filed a complaint in equity requesting that defendants, John W. Morello and Angeline Morello, his wife, return the sum of $15,000 to it averring that the payment was made by mistake. At the hearing, the court questioned the jurisdiction of equity since this was a claim for money damages. The parties agreed that in the event equity did not have jurisdiction, that the court should hear the matter on the law side as a judge without a jury.

The court is of the opinion that this action properly lies in law. Accordingly, the court will rule on this matter as an action in law, although the result would be the same whether in equity or in law.

### FINDINGS OF FACT

1. Plaintiff is Keystone Insurance Company, a Pennsylvania Corporation, and is engaged, inter alia, in the business of insuring properties against loss by fire, etc.

2. Plaintiff has a branch office located in Norristown, Pennsylvania.

3. Defendants are John W. Morello and Angeline Morello, his wife, who reside at 380 Burnside Avenue, Norristown, Pennsylvania.

4. At the times relevant to this matter, defendants were the owners of two properties:

a. Their residence at 380 Burnside Avenue, Norristown, Pennsylvania, and

b. Their former residence at 385 Valley Forge Road, King of Prussia, Upper Merion Township, Montgomery County, Pennsylvania.

5. Plaintiff, on or about July 27, 1970, issued its policy of insurance no. GF-3000-6449, insuring premises 385 Valley Forge Road, King of Prussia, Pennsylvania, for fire and extended coverage in the amount of $15,000; the policy was for three years and the premium was $85.

6. On or about November 16, 1970, plaintiff, through its employe, brought to the Philadelphia Post Office, an envelope which contained a notice that policy no. GF-3000-6449 would be cancelled effective November 28, 1970, if defendants failed to pay the aforesaid premium of $85.

7. Notice of cancellation of policy no. GF-3000-6449 was not received by defendants.

8. A copy of this alleged notice was also sent to plaintiff's branch office at Norristown, and was incorrectly filed by one of its employes.

9. Prior to November 28, 1970, defendants had both of their houses and their car insured by plaintiff; defendants transacted their insurance business with plaintiff's agent, a Mr. Perkowski, at the Norristown Branch Office. Mr. Perkowski is no longer employed with plaintiff.

10. On or about March 15, 1971, premises 385 Valley Forge Road, King of Prussia, were heavily damaged by fire for an amount in excess of $20,000.

11. Defendants called plaintiff's Norristown Branch Office by phone to report the fire loss, and filed a sworn statement of proof of loss, claiming the entire sum of $15,000 under the aforesaid policy.

12. Plaintiff's Norristown Branch Office employed an independent appraiser to appraise the loss and he corroborated defendant's sworn statement of proof of loss.

13. On or about April 20, 1971, plaintiff's Norristown branch office issued draft no. 881845 to defendants in the amount of $15,000.

14. Defendants used the moneys received to pay for the repairs and to restore the premises 385 Valley Forge Road, King of Prussia.

15. On or about June 24, 1971, defendant, John W. Morello visited plaintiff's branch office at Norristown and advised it that he wished to increase the amount of insurance on premises 385 Valley Forge Road, King of Prussia.

16. Thereafter, plaintiff's Norristown branch office received advice from plaintiff's home office that there was a notice of cancellation of said policy to be effective November 28, 1970.

17. Plaintiff admitted that there had been some confusion and errors in connection with payments made on certain policies issued to defendant during the summer of 1970.

18. Plaintiff has requested the return of $15,000 by defendants, which defendants have failed and refused to do.

19. Policy no. GF-3000-6449, issued to defendants on or about July 27, 1970, was in effect on March 15, 1971, the date of the fire.

20. The payment of $15,000 to defendants by plaintiff's branch office in Norristown on April 20, 1971, was proper.

## DISCUSSION

"A contract of insurance . . . , requires the consent of both [the insured and the insurer] to cancel or rescind, unless by its terms a right to do so is given to either party alone, and if such right is given upon certain conditions they must be fully complied with before the right can be exercised": Faramelli v. Potomac Insurance Co., etc., 346 Pa. 228 (1943); Slater v. General Casualty Co., 344 Pa. 410 (1942); Scheel v. German-American Insurance Co., 228 Pa. 44 (1910).

The right to cancel a fire insurance policy under the terms of the policy has been sustained by our courts: Peretzman v. Insurance Co. of Pa., 258 Pa. 319 (1917).

Where the right to cancel an insurance policy has been reserved in the policy itself, the extent of the right and conditions upon which it may be exercised must be determined by reference to the policy: Hanna v. Reliance Insurance Company, 402 Pa. 205 (1961).

The rule that the insurer must fully comply with all the conditions set forth in the policy before the attempted cancellation will be effective is strictly enforced: Pomerantz v. Mutual Fire Insurance Co., 279 Pa. 497 (1924); Baldwin v. Pa. Fire Ins. Co., 206 Pa. 248 (1903); Schock v. Penn Township Mutual Fire Insurance Association, 148 Pa. Superior Ct. 77 (1942); Rapochi v. Continental Insurance Co., 121 Pa. Superior Ct. 538 (1936).

However, should the cancellation be denied by the insured, then the burden of proving same is upon the insurer: Schock v. Penn Township Mutual Fire Insurance Assoc., supra, at page 81; Moser Manufacturing Co. v. Donegal & Conoy Mutual Fire Insurance

Co., 362 Pa. 110 (1949); Infantino v. Quaker City Fire & Marine Ins. Co., 159 Pa. Superior Ct. 454 (1946).

When a contract of insurance provides for notice to be given before cancellation of the contract, as in the instant case, the contract cannot be cancelled by the insurance company without notice to the insured or his duly authorized agent. Where a fire insurance policy is a standard form as required by statute, in order to successfully terminate the relation of insured and insurer, the insurance company must give a written notice of such cancellation to the insured, when the relation will terminate at the end of five days from its receipt. Consequently, receipt of notice is required for cancellation: Pomerantz v. Mutual Fire Insurance Co., supra.

The presumption of receipt of the cancellation notice, being prima facie only, may be rebutted by evidence that the letter was never received: Phoenix Brewing Co. v. Weiss, 23 Pa. Superior Ct. 519 (1903). Where the rebutting testimony is merely oral, the presumption of receiving the letter in the due course of the mails is sufficient to carry the case to the jury, for credibility of witnesses is determinable by the jury: Neubert v. Armstrong Water Co., 211 Pa. 582 (1905).

The testimony of the insured defendants was clear, precise and indubitable. They were credible witnesses, and their entire conduct corroborates their testimony that they never received a notice of cancellation.

## ORDER

And now, April 6, 1972, for the reasons heretofore mentioned, the court renders a verdict in favor of defendants, John Morello and Angeline Morello, his wife.