# Elizabeth Thomas v. Western Insurance Company of Pittsburg, Appellant.

*Insurance—Agency for the company.*

An insurance agent or broker must be considered the agent of the company when the evidence shows that he was acting by express authority of the company ; that he was authorized to deliver the policy of insurance, and to receive and receipt for the premiums.

*Fire insurance—Total loss—Nonessentials in proofs of loss.*

Where a building covered by a policy of insurance has been totally destroyed by fire, the proofs of loss need not set forth the amount of property saved or the value of the debris where there is no provision in the policy requiring it; and where the policy contains a provision that if the company requires it plans and specifications of the building destroyed or damaged shall be furnished, the proofs need not contain the plans and specifications of the building or a detailed statement of the quantity or quality of the lumber used in its construction, unless the same be specifically requested.

*Proofs of loss—Itemized value—Substantial performance:*

It would seem that in a policy covering machinery, belting, tools, etc., proofs of loss are not necessarily defective which describe the different articles, giving their condition and the time they had been used, but instead of specifying the value of each, give only the total value.

If the proofs seem, as to any particular lot or class of goods, to be wanting in clearness and precision, the attention of the assured should be called thereto and such further information asked for as is fairly necessary to an ascertainment of the loss.

The law does not require the performance of useless things nor favor the arbitrary imposition of useless burdens.  Substantial performance is enough.

*Entirety of contract—Mistake as to items in proofs of loss.*

Where an insurance contract is in its terms entire, a provision that a violation will avoid the entire contract will have that effect, but proofs of loss are no part of the contract of insurance, and, under no construction of the contract, will a mistake in the proofs of loss as to one item terminate the contract as to all other items.

Argued May 5, 1897.   Appeal, No. 171, April T., 1897, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1896, No. 446, on verdict for plaintiff.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit on policy of fire insurance.   Before BARKER, P. J. The facts sufficiently appear in the opinion of the court.

The jury found a verdict for the plaintiff, who specified $750 as the share of the loss on the building, and $250 on machinery and tools.   On motion for a new trial the court directed that judgment be entered in favor of the plaintiff in the sum of $750 non obstante veredicto.

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1) In not denying plaintiff's first point, which point and answer thereto are as follows: "If the jury believe from all the testimony that Harvey Patterson solicited the insurance covered by the policy in suit, delivered to her the policy and collected and remitted to the company's general agent the premium, in doing so he was the agent of the defendants. *Answer:* It is unnecessary for us to answer whether or not he was the agent of the defendant in the transaction mentioned in this point, because we have already instructed you that the matters involved in this case, after the loss, constitute another transaction; and we have advised you fully as to the law of the case relative to the parties in these matters."   (2) In affirming plaintiff's fourth point, which point and answer thereto are as follows: "If the jury find from the evidence that defendants did not require in their exceptions to plaintiff's first proofs of loss a statement of 'incumbrances on the insured property,' then

their failure so to specify was a waiver of this provision of the policy, and they are estopped from setting such failure up as a defense in this action. *Answer :* This point is affirmed. While the policy required a statement of the incumbrances, the defendants did not specify that, as one of the objections to the proof of loss ; and, therefore, it cannot be set up as a defense in this case." (3) In not affirming defendant's first point, which point and answer thereto are as follows : " That the terms and conditions of the policy of insurance in this case required the assured to furnish proof of loss within sixty days after the fire, containing a complete inventory of the property damaged or destroyed, the cash value of each item thereof and the amount of loss therein, and the plaintiff having failed to comply with these conditions and requirements, the verdict must be for the defendants. *Answer :* We reserve this point." (4) In not affirming defendant's second point, which point and answer thereto are as follows : " It appearing from the evidence in this case that Mr. Harvey Patterson was an insurance broker and not the agent of the defendants, any notice transmitted to him by the defendant company in relation to the loss in this case would be notice to the plaintiff. *Answer :* This point is denied, in view of our previous instructions." (5) In not affirming defendant's fifth point, which point and answer thereto are as follows : " That the amended proofs of loss given in evidence in this case by the plaintiff, and which were objected to by the defendants at the time, and the special defects therein pointed out, was not a compliance with the requirements of the policy in this respect ; and as the plaintiff has failed and refused to furnish any additional proofs of loss, or to correct the alleged amended proof furnished at the request of the defendant, the furnishing of the same being a condition precedent to the right of the plaintiff to maintain any action on the policy, the plaintiff is not entitled to recover. *Answer :* We reserve this question." (6) In not affirming defendant's seventh point, which point and answer thereto are as follows : " The evidence shows that the plaintiff did not place in her proof of loss or in her amended proof of loss, the incumbrances upon the property insured, and the verdict must be for the defendant. *Answer :* We deny this point for the reason given in our answer to the fourth point of the plaintiff." (7) In not affirming defendant's eighth point, which point and answer

386   THOMAS *v.* INS. CO.

thereto are as follows : " That under all the evidence in the case, the verdict should be for the defendant company. *Answer:* This point is denied." (8) To a portion of the general charge, as follows : " We have concluded to reserve the question, it being purely a matter of law, whether or not these statements, the proof of loss and the amended proof of loss furnished, comply with the terms of the policy, that is as to whether or not they are sufficient. They are of such character that we cannot submit to you the question as to whether or not they are sufficient ; and we look upon it as purely a question of law as to whether or not these papers were such as Mrs. Thomas was required to serve on the defendants ; and we will dispose of it as a question of law, and submit to you the question of fact that we have already submitted to you, and also the question of fact as to the amount the plaintiff is entitled to recover, if anything." (9) To a portion of the general charge, as follows : " Now, gentlemen of the jury, in case you find for the plaintiff in this case, and you find that the gristmill building was worth $1,750, then you would render a verdict for the plaintiff for $750. In case you find that the machinery, belting and tools were worth $1,250, then you would render a verdict for the full amount of the policy on the machinery." (10) To a portion of the general charge, as follows : " We will ask you, in your verdict, if you find for the plaintiff, to specify the amount you find on the building and the amount on the machinery." (11) To a portion of the general charge, as follows : " And we will ask you to divide your verdict, in case you find for the plaintiff, specifying the amount you find on the gristmill property, and the amount you find on the machinery." (12) To directing judgment to be entered non obstante veredicto for $750. (13) To a portion of the general charge, as follows : " So far as the payment of the premium to him was concerned, he may have been considered the agent of the insurance company to the extent that the insurance company would be bound by the payment of the premium to him, and could not then say that the policy was not good, because it says it shall not be good until the premium shall be paid." (14) To a portion of the general charge, as follows : " There is nothing in the case—and this is a matter of law—there is nothing in the case warranting us in instructing you, or you in finding under the facts which we are going to submit to you,

that he was the agent of the insurance company, so far as this policy was concerned, at the time of the fire, or of Mrs. Thomas either." (15) To a portion of the general charge, as follows : " He was not the agent of Mrs. Thomas, the policy holder, unless she intended he should be her agent, and went to him for that purpose. It was natural that Mrs. Thomas should go to him. This policy of insurance is in the Western Insurance Company of Pittsburg ; but there is nothing on it to indicate where the office of that company was. It does show that the office of the general agent was at Williamsport; but there is nothing on the policy to show where, in Pittsburg, the office of the insurance company was ; but it is stamped on the back with a rubber stamp ' Patton Insurance Agency, Patton, Pa.' That was the most natural place for Mr. Thomas to go when he learned of the loss, to see what he should do about it, or to notify the company ; but the fact that Mr. Thomas went there would not make Mr. Patterson the agent of Mrs. Thomas. He went there because it was through Mr. Patterson that the insurance came to him ; and the fact that he went there would not make Mr. Patterson the agent of Mrs. Thomas unless he did something to constitute him the agent of the person holding the insurance policy at that time. Now, let us see whether he did or not. He induced her to insure, but that would not make him her agent. Mr. Patterson says he notified the insurance company through their general agent, Mr. Kuester. That would not make him the agent of the insurance company ; and it seems to us that there is nothing either in these papers, which are carefully written by the officers of the insurance company, or in the fact that Mr. Thomas took the papers that were returned by the insurance to him—that there is nothing in the transaction from which we could say that he was acting as the agent of either party. He was the medium through which the papers passed. Thomas went to him, as we have said, because he was the only party he knew in the transaction ; the insurance company replied to Mrs. Thomas through him, because they received the papers through him ; so that, so far as that feature of the case is concerned, we instruct you that wherever it is material, it depends entirely on the one side as to whether the company received the notices transmitted through Mr. Patterson by Mrs. Thomas, and whether Mrs. Thomas received the notices transmitted through

Mr. Patterson from the insurance company."    (16) To a portion of the opinion of the trial court in which judgment was entered against defendant, as follows : " It will be observed that the in sured was not to furnish plans and specifications unless required, and this was not required, either in the first or second objection prepared by the general agent."

*Thos. A. Davies*, with him *Alvin Evans* and *J. W. Leech*, for appellant.—An insurance broker is the agent of the insured: Ins. Co. v. Imp. Co., 100 Pa. 137; Lennox v. Ins. Co., 2 Pa. Superior Ct. 431.

Conditions of a policy are binding upon the insured and must be complied with unless there is a waiver, of which there is no evidence, by the company, in not giving notice to the insured : Shoe Co. v. Ins. Co., 138 Pa. 73; Whitmore v. Ins. Co., 148 Pa. 405. To the same effect are: Ins. Co. v. Sennett, 41 Pa. 161; Gould v. Ins. Co., 134 Pa. 570; Long v. Beeber, 106 Pa. 466; Insurance Co. v. Weiss Bros., 106 Pa. 20; Carey v. Ins. Co., 171 Pa. 204; Ins. Co. v. Hocking, 115 Pa. 398; Welsh v. Assurance Corp., 151 Pa. 607; Beatty v. Ins. Co., 66 Pa. 9.

No suit could be brought until these conditions were complied with, nor for sixty days thereafter: Powell v. Ins. Co., 2 Pa. Superior Ct. 151.

As to the entirety of the contract, cited Flanders on Insurance, 352; Kelly v. Ins. Co., 11 East. Rep. 496; Fire Assn. v. Williamson, 26 Pa. 196; Quigley v. DeHaas, 82 Pa. 267 ; Martin v. Fridenberg, 169 Pa. 447; Hartman v. Meighan, 171 Pa. 49.

*J. F. McKendrick*, for appellee.—No application of the law of agency cited by counsel for appellant can constitute him the agent of the assured under the facts and circumstances of this case: Lennox v. Ins. Co., 2 Pa. Superior Ct. 431; Ins. Co. v. Imp. Co., 100 Pa. 137.

As to the sufficiency of the proofs of loss see Helme v. Ins. Co., 61 Pa. 107; May on Ins. 182.

Every consideration of public policy demands that insurance companies should be required to deal with their customers with entire frankness: Pipe Line Co. v. Ins. Co., 145 Pa. 346. ·

These conditions may be waived in the following manner,

by the company: 1. By some express act on part of the company such as denial in toto of liability: Roe v. Ins. Co., 149 Pa. 94. 2. By alleging other specific grounds of defense: McCormick v. Ins. Co., 163 Pa. 184. 3. By acceptance of proofs of loss and failure to return them and point out the particular defects, or to require more formal and specific statement of the loss: Shoe Co. v. Ins. Co., 138 Pa. 73; Weiss v. Ins. Co., 148 Pa. 349; Thierolf v. Ins. Co., 110 Pa. 37; Carpenter v. Ins. Co., 156 Pa. 37; Ins. Co. v. Block, 109 Pa. 535.

Contracts of insurance are severable, the consideration being mutual, and by its terms susceptible of apportionment so as to correspond to the several items of property covered by the policy.

OPINION BY WILLARD, J., July 23, 1897:

The appellee entered into a contract of insurance with the appellant on August 15, 1894, by the terms of which, in consideration of the sum of $40.00 paid the company by the appellee, it agreed to insure her property in the sum of $1,000 for the term of one year, which property is described in the policy as follows: "$750 on her three story frame, shingle roof water power gristmill building, 70 × 50 feet. Situate at Thomas Mills, in Elder township, Cambria county, Pa.

"$250 on all fixed and movable machinery, belting and tools contained therein."

There was other concurrent insurance on the same property amounting to $2,500.

On March 4, 1895, the property was totally destroyed by fire. Suit was subsequently brought resulting in a verdict of $1,000 in favor of Mrs. Thomas, upon which judgment was finally entered by the court for the sum of $750 being the amount of insurance upon the mill.

The record raises three questions: first, as to the agency of the person who delivered the policy and received and receipted for the consideration therefor: second, as to the sufficiency of the proofs of loss: third, as to the legality of the entry of the judgment on the verdict.

It requires no extended discussion or citation of authorities to establish the proposition that a person authorized to deliver a policy of insurance and receive and receipt for the premiums

is the agent of the company for that purpose, and the payment of the premium to him is a good payment. The evidence discloses the fact that in the transactions between the parties subsequent to the fire, the company sent to Patterson certain notices and papers with express instructions how and when to serve them upon the assured. In these transactions Patterson was acting by express authority of the company and must be regarded as its agent. It is immaterial, however, in what capacity he was acting; the evidence discloses that the notices sent by Mrs. Thomas through him were delivered to the company. The first objections to the proofs of loss were received by the assured. She alleges that the second objection was not received by her, but as the trial judge ruled that her amended proofs were defective as to the claim for machinery, and set aside that part of the verdict predicated thereon, it is unnecessary to waste words in the further discussion of this branch of the case. The first, fourth, thirteenth, fourteenth and fifteenth assignments of error are overruled.

In the policy there is a provision that the loss shall be payable in sixty days after the rendition by the assured of a statement to the company signed and sworn to by her, stating her knowledge and belief as to the origin of the fire, her interest and the interest of all others in the property, the cash value of each item thereof and the amount of loss thereon, all incumbrances, all other insurance valid or invalid on the property, a copy of all the descriptions and schedules in all policies, any change in the title, use, occupation, location, possession or exposure of said property since the issuing of the policy, and how and by whom the property was occupied at the time of the fire.

There is also another provision that if the company requires it, plans and specifications of the building fixtures or machinery destroyed or damaged shall be furnished.

In pursuance of the first of the above provisions a sworn statement was sent by the assured in due time and received by the company. To this statement the company objected first, because the assured had failed to render a detailed statement of the quantities and qualities of lumber used in the construction of the mill, together with the specifications of the building.

The assured was under no obligation to furnish the quantity or quality of lumber used in the building or the specifications,

unless specifically required so to do, therefore, the first objection was frivolous and without merit.

The second objection was entirely uncalled for; the proofs contained a sufficient description of the written part of the concurrent policies and in this respect were in compliance with the terms of the policy.

The fourth objection to the proofs was that the amount of the property saved and the value of the débris was not set forth. The proofs contained the sworn statement of the assured that the property was totally destroyed by fire and there is no provision in the policy requiring the assured to collect the ashes or to put an estimate upon their value. So far as the mill was concerned the proofs of loss were in compliance with the terms of the contract. If the appellant required the plans and specifications the way to get them was plainly pointed out in the policy. The assured was not obliged to furnish them unless specifically requested to do so. No such request was made.

In the third objection to the proofs, it was specified that they did not give the value in detail of each item of fixed and movable machinery, belting and tools, together with their age and specifications. This defect the assured attempted to correct by amended proofs. She described the different articles of machinery, belting and tools, giving their condition and the time they had been used, but instead of specifying the value of each she gave their total value. This the court below held insufficient. In Boyle v. Ins. Co., 169 Pa. 349, the identical question here presented was considered by Mr. Justice WILLIAMS. The policy was upon a general stock of merchandise. The inventory attached to and made part of the proofs of loss specified the goods largely in lots, giving the entire value of each lot. In that case, as in this, the requirement of the policy was that the cash value of each item and the amount of loss thereon should be given. In delivering the opinion the learned justice said: "This stipulation is not to be construed most strictly against the insured. Its object is to secure a full statement of the loss he claims so that the company may have notice and the necessary opportunity to test its correctness. We quite agree with the learned trial judge that the proofs of loss afforded a sufficient notice of the character and amount of the plaintiff's claim. If it had seemed as to any particular lot or class of goods to be

wanting in clearness or precision, the attention of the insured should have been drawn to it and such further information asked for as was fairly necessary to an ascertainment of the loss. The law does not require the performance of useless things, or favor the arbitrary imposition of useless burdens. Substantial performance is enough."

We express no opinion as to the effect of the company's silence (if it were silent after receiving the amended proofs); good faith required the company to call the attention of the assured to any defects, if any existed, and failing to do it would be estopped from insisting upon a defense founded upon the omission in the proofs caused by its omission to object when its plain duty to do so was apparent. Whether objection to the amended proofs was served upon the assured or not was for the jury to determine under the evidence. The court below held the amended proofs insufficient as to the machinery and tools, and as that question is not before us, except incidentally, we can only say that if the amended proofs were received without objection the effect thereof would be as before indicated in this opinion. If properly objected to and the defects called to the attention of the assured and not remedied by her, it would not be compliance on her part with the terms of the policy requiring an itemized statement of the cash value of each item. The second, third, fifth, sixth, eighth, sixteenth and seventeenth assignments are therefore overruled.

The court below reserved the sufficiency of the proofs as a question of law, and by its opinion filed determined that they were sufficient as to the mill building insured for $750, but insufficient as to the machinery, etc., insured for $250, and entered judgment on the verdict for the amount on the mill. This it is contended by appellant was error, as the contract was entire. Undoubtedly it was entire as expressed in its terms, and a violation of any of its provisions wherein it is provided that such violation will avoid the entire contract, will have that effect. But under no construction can it be said that a mistake in the proofs of loss as to one item shall terminate the contract as to all other items. The proofs of loss are no part of the contract of insurance, nor do they create any liability to pay a loss. In this case they simply serve to fix the time when the loss becomes payable and when an action may be commenced to enforce lia-

bility.   This is the plain effect of the statement of loss provided
for in this contract as clearly contemplated by the parties thereto.
The condition as to the furnishing a sworn statement after the
fire is for the information of the company in arriving at the true
value of the property damaged or destroyed, and because this
information was defective as to a part of the property has never
been held as terminating the entire contract.   Where fraud or
misrepresentation on the part of the assured is proved in effect-
ing the contract as to any item insured, or where during the life
of a policy any part of the property is incumbered or rendered
more hazardous by the insured contrary to the terms of the pol-
icy, the entire contract is affected : Gottsman v. Pa. Ins. Co.,
56 Pa. 210.

We are here called upon to reverse the judgment of the court
below because certain information in the sworn statement fur-
nished by the appellee after the fire was deemed insufficient as
to certain articles insured and sufficient as to certain other prop-
erty.   This we refuse to do as it is not shown that the parties
to the contract agreed and stipulated that failure to give satis-
factory information as to certain items covered by the policy
should work a forfeiture of the entire contract.

Under the evidence in this case the learned trial judge would
have been warranted in allowing the jury to pass upon the ques-
tion whether the appellant objected to the amended proofs when
furnished, or not; and if not, a clear waiver of more specific in-
formation as to the value of each item of machinery would have
been established.   The judge held, however, as matter of law
that there was a defect in the proofs as to the machinery, pre-
cluding recovery therefor.   Under the circumstances there was
no error in entering judgment for the loss on the mill.   The
tenth, eleventh and twelfth assignments of error are overruled,
and the judgment affirmed.