## Wagner-Taylor Co. *v.* Spinelli et al., Appellants.

Argued January 9, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*David S. Malis,* for appellants.—Our first contention will relate to the item of $791.13, known as the loss adjustment item. This item of proof was not pleaded in the statement of claim and, timely objection having been made thereto, evidence in support thereof should have been rejected: Goldberg v. Susan, 87 Pa. Superior Ct. 81.

Refusal to permit cross-examination of plaintiff's witness, showing the inaccuracy of plaintiff's account relating to this loss adjustment item, was error: Funk v. Ely, 45 Pa. 444.

An insurance broker, whose agency has been cancelled, cannot bind his former principal by subsequent payments on behalf of his former principal: U. S. Casualty Co. v. Parnell, 72 Pa. Superior Ct. 586; Shoemaker v. Smith, 2 Binney 239.

It was error to admit alleged contents of provisions of policy No. 3054518.

One may not offer secondary evidence of the contents of a written instrument without preliminary proof of his attempt to secure the production of the original writing, by subpœna: Gray v. Pentland, 2 S. & R. 23.

The court erred in its charge to the jury on the measure of damages: Josephson & Sons v. Weintraub, 78 Pa. Superior Ct. 14; Continental Guaranty Corp. v. Hughes, 81 Pa. Superior Ct. 264; Nudleman v. Ins. Co., 84 Pa. Superior Ct. 589; Sherman v. Welsh, 87 Pa. Superior Ct. 282; Sloan v. Miller, 275 Pa. 452; Rittenhouse v. Machine Works, 283 Pa. 304; Bayard v. Knitting Mills Corp., 290 Pa. 79.

*Jerome Bennett,* with him *Henry Wessel, Jr.,* and *Charles J. Weiss,* for appellee.—All of the authorities sustain the action of the trial judge as to the item of $791.13: Wike v. Woolverton, 26 Pa. Superior Ct. 562; Kirchner v. Smith, 207 Pa. 431; Mellott v. Mellott, 55 Pa. Superior Ct. 614; Windows v. Rudolph, 37 Pa. Su-

perior Ct. 264; Erie City Iron Works v. Barber, 118 Pa. 6; Adams v. Dunn, 64 Pa. Superior Ct. 303.

It would be ridiculous to prove that a subpœna had been issued to produce the original policy in this case. The testimony showed that the original policy was in Pittsburgh. To issue a subpœna out of the Court of Common Pleas of Philadelphia County would be a mere idle gesture to produce an instrument located outside of the jurisdiction of a Philadelphia County.

OPINION BY MR. JUSTICE SIMPSON, February 11, 1929:

This suit is by an insurance broker against a firm, which was one of its customers, to recover the balance due on a running account. All the issues of fact, raised by the pleadings and supported by the evidence, were submitted by the trial judge to the jury, in a charge so perspicuous that it was impossible for them to have misunderstood it. He told them that the evidence did not disclose any defense to $376.49 of plaintiff's claim, and that "there is no challenge of the account in any particular, except as to" the sum of $791.13, growing out of plaintiff's payment of an adjusted loss, and the sum of $1,676.53, an additional premium alleged to be due on policy No. 3054518, of the Republic Casualty Company, taken out by plaintiff for defendants. The jury found for plaintiff as to both of the disputed items, and defendants appeal, setting forth twenty-four assignments of error, covering thirty-four pages of their printed brief. Many of them violate the rules of this court, notably rule 22 which requires that no assignment shall embrace "more than one bill of exceptions": First National Bank of N. J. v. Cattie Bros., 285 Pa. 202. Defendants admit, in their brief, that, at the trial, the disputes between the parties were narrowed down to the two stated by the trial judge, as above set forth, and an item of $310.72 claimed to be due by defendants for an additional premium on another policy of the same company. We will, therefore, limit ourselves to

a brief discussion of such of the assignments of error, relating to these three disputed items, as are properly specified according to our rules.

Thus considered, there are three assignments regarding the item of $791.13. The first alleges error "in overruling the defendants' objection to the offer in evidence of the check" which paid the $791.13, whereas the evidence quoted therein relates only to the identification of the check, not to its offer in evidence. The second alleges error in refusing to allow defendants to give in evidence, during the cross-examination of one of plaintiff's witnesses, the contents of a letter (which he did not write, nor, so far as appears, have anything to do with) by asking him, under the guise of refreshing his recollection, to read the letter and therefrom answer defendants' questions regarding the matters contained in it. This the trial judge would not permit, but he allowed the letter to be shown to the witness, and later, it was offered in evidence by defendants and admitted. They thereby got all they could possibly have been entitled to on this point. The final assignment as to this item, alleges error in sustaining an objection to a question asked, in cross-examination of one of plaintiff's witnesses, as to whether or not the item did not twice appear in the general account between the parties. The witness had already answered "Yes" to this question; and, moreover, it was a matter of no moment how often it appeared in the general account; since, as has already been shown by the admissions regarding the disputed items and the way the verdict was reached, it was used but once in making up the verdict. Some point is made that, though it appears in the account, the statement of claim did not specifically claim this item; but the omission is not referred to in the assignments of error, and hence need not be considered.

The major part of defendants' contention regarding the sum of $1,676.53, paid by plaintiff to the Republic Casualty Company, as an additional premium on policy

No. 3054518, taken out by plaintiff for defendants, grows out of the fact that the amount was paid after defendants had cancelled their contract with plaintiff. This contention is based on a misconception of the law applicable to the present facts. The policy covered specified cars, and all others which would be owned and operated by defendants during the policy period. An estimated premium was payable quarterly, but the amount actually due was to be adjusted later, according to the number of cars actually used during the term of the policy, and the time they were used. The result of this adjustment, as found by the jury, was that the additional sum of $1,676.53 was due. Plaintiff, being liable to the company for it, paid it and charged the amount against defendants, as it had a right to do. That it was paid after the termination of the agency, is a matter of no moment, since the liability of plaintiff to the casualty company, and of defendants to plaintiff, each arose during the agency. Ignoring the assignments which directly or indirectly arise out of this point, and those which violate our court rules, but little is left. Error was alleged in permitting a witness to state that the insurance policy covered other cars than those specifically named in it. Of course, the policy spoke for itself on this point, but the error was harmless, since the policy, when offered in evidence, showed the fact to be so, and hence the error would not justify a reversal of the judgment: Hunter v. Pope, 289 Pa. 560. It is not necessary to quote here the excerpts from the charge relating to this disputed item; it suffices that no valid objection can be made to any of them.

Nor need much be said regarding defendants' contention that it was not liable for an additional premium of $310.72 on policy No. 556554 of the same company. But one assignment of error refers to this policy. It shows an exception to a question after it had been answered, without stating what the objection was (see

our rule 26), and without moving to strike out the answer or that the jury be told to disregard it. Under such circumstances we will not reverse: Clapp v. Hunt, 276 Pa. 127. Moreover, while this item is specifically set forth in the statement of claim, and is referred to in the affidavit of defense, it is not included in the credits claimed in the latter pleading or otherwise sufficiently denied, which, in itself, is a sufficient ground for treating the item as admitted (sections 6 and 16 of Act of the Practice Act of May 14, 1915, P. L. 483, 484, 486); nor was it referred to by the court below, or argued in this court, and hence, for this reason also, need not be considered by us: Miners State Bank v. Auksztokalnis, 283 Pa. 18.

The judgment of the court below is affirmed.