Osborne *v.* Victor Dairies, Inc., Appellant.

118

Argued October 5, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Julian Goldberg,* with him *Joseph Ominsky,* for appellant.

*Gilbert Cassidy, Jr.,* for appellee.

OPINION BY PARKER, J., December 15, 1939:

This action in assumpsit was brought by a licensed insurance agent against the defendant corporation to recover a balance claimed to be due for advance insurance premiums on three policies of insurance covering automobiles, workmen's compensation liability and so-called "teams public liability."

The statement of claim averred that the defendant applied to the plaintiff for policies of insurance and pursuant thereto three policies, which were set forth at length, were procured by plaintiff and issued by American Casualty Company of Reading; that the advance premiums which defendant agreed to pay amounted to $2,968.20; that within four months after the date of the policies the defendant gave written notice of the cancellation of the same, a copy of which notice was also set forth at length; that the policies were cancelled and the defendant became entitled to a credit of $1,512.85 *for returned premiums* and that defendant paid on account of the premiums $500, leaving a balance of $955.55. For that sum with interest this action was brought.

The defendant answered that it never ordered the policies nor applied to the plaintiff for any insurance; that the president of the defendant corporation never sent the alleged written notice of cancellation and that no money was paid to the plaintiff by defendant on account of said premiums.

The cause was submitted to a judge of the court below without a jury at which time the plaintiff offered evidence in proof of the facts alleged and in addition showed that he as agent was not only liable for payment of the advance premiums but that he had actually paid the same to the insurer. The defendant offered no evidence. Judgment was entered against the defendant for the full amount of the claim and the defendant has appealed to this court alleging as errors the refusal of defendant's motions for judgment n. o. v. and for a new

trial. We will confine our attention to the specific errors assigned.

The appellant first contends that the plaintiff did not state a good cause of action in that he failed to aver in his statement of claim that he had become liable for or had paid the advance premiums. It concedes, and very properly so, that an insurance agent or broker, who has become liable to an insurance company for the payment of advance premiums and has in fact paid the same, may sue in his own name to recover from the customer the premiums so paid: 33 C. J., Insurance, §765; 3 Standard Pennsylvania Practice 138; *Waters v. Wandless,* (Texas court of civil appeals), 35 S. W. 184. The complaint, in short, is that although the plaintiff did in fact offer evidence tending to prove all the essentials of a good cause of action, the judgment must be reversed because of the failure to aver the payment of the premiums by the agent to his company.

Admitting for the sake of argument that there was a variance, the pleadings were amendable upon the trial and might even be amended now in this court: *Kroegher v. McConway & Torley Co.,* 149 Pa. 444, 23 A. 341; *Ashton v. Moyer,* 8 W. N. C. 162. The defendant knew that the claim was for premiums due for insurance and we must assume that it knew that it would be necessary for the plaintiff to show that he was liable to the insurer for the premiums or had paid them or both. Defendant was in just as good a position to defend the action as if the omitted facts had been specifically averred. We have heard no suggestion that the defendant was misled in any respect.

Even though the allegata and probata may not precisely agree, if the variance did not "affect the trial on its merits, or set up a different cause of action, or impose any different burden on the defendant, the variance would not be considered material": *Calvey v. Coyer,* 121 Pa. Superior Ct. 504, 509, 184 A. 279, and the many cases therein cited. There was in fact not

even a true variance for the defect, if any, was a lack of particularity rather than any change of position. If the defendant felt that it was prejudiced by the form of the statement, its remedy was by an application to the court below, before trial, for a more specific statement; it would not then have been entitled to a summary judgment. If on the trial objection was raised to the proof of these additional facts and the court overruled the objection and allowed an amendment, the remedy of the defendant, if any, was to move for the withdrawal of a juror and a continuance of the case. It may be noted in this connection that it is the almost universal practice in the issuance of policies of the nature here involved for the insurance agent to-be responsible to his company for the premiums and for the agent at his own risk to extend credit to his customers.

Appellant next urges certain trial errors. By its sixth assignment of error it complains of the refusal of its motion to strike from the record "all testimony relating to Morris Caplan or one Lieberman who is said to be acting for the defendant . . . . . . because there is no testimony whatever, no competent testimony, that they were authorized to act for the defendant." The testimony referred to was offered for the purpose of showing authority upon the part of these men to procure insurance for the company and to cancel policies. It is a well established principle that whatever evidence has a tendency to prove an agency is admissible even though it be not full and satisfactory, and it is the province of the jury to pass upon it. "Direct evidence is not indispensable—indeed, frequently is not available—but instead circumstances may be relied on, such as the relation of the parties to each other and their conduct with reference to the subject-matter of the contract": *Lasch v. Cohn,* 130 Pa. Superior Ct. 161, 164, 196 A. 581. The fact of agency must be determined from the facts and circumstances of the particular case and when it appears from such facts and circumstances

that there was at least an implied intention to create the relationship, it will by implication be held to exist: *Brock v. Real E.-L. T. & T. Co.,* 318 Pa. 49, 53, 178 A. 146. It is sufficient to say that plaintiff testified that he went to defendant's plant on a number of occasions and interviewed both Caplan and Lieberman and that while there Mr. Caplan told plaintiff that he was president of the company and that Mr. Lieberman was in charge of placing insurance. In addition a letter was produced as well as made part of the statement of claim, written on the stationery of the defendant company and signed by Morris Caplan as president of the corporation, cancelling the insurance in question. In view of the fact that the defendant offered no evidence and made no denial in its affidavit of defense that Morris Caplan was president of the corporation, the testimony was ample to submit to the fact finding body, in this case the trial judge, the question of agency. That an active president is presumed to have sufficient authority to handle ordinary or routine business transactions such as buying materials, selling the product of the corporation, or placing insurance is too well settled to require discussion: *Severance, Tr. v. Heyl & Patterson,* 123 Pa. Superior Ct. 553, 560, 187 A. 53. One who knows that the officer or agent of a corporation habitually transacts certain kinds of business for such corporation under circumstances which necessarily show knowledge on the part of those charged with the conduct of the corporate business assumes, as he has a right to assume, that such agent is acting within the scope of his authority: *Wood Co. v. McCutcheon,* 136 Pa. Superior Ct. 446, 452, 7 A. 2d 564. The defendant received the benefit of this insurance for more than three months when it was cancelled by a letter signed "Victor Dairies, Inc., M. A. Caplan, President." A company will not be permitted to repudiate even unauthorized acts of its officers when the corporation has received and retained the benefit of the transaction: *Scouton v. Stony Brook*

*Lumber Co.,* 261 Pa. 241, 104 A. 548; *Presbyterian Board v. Gilbee,* 212 Pa. 310, 314, 61 A. 925. The rule that agency may not be proved by mere declarations of the agent out of court has no application to the present case.

Defendant next complains of the admission in evidence of the letter of cancellation without proving the signature of Mr. Caplan as president. As we have pointed out, although the letter was printed in full and attached to the statement of claim the defendant did not deny the signature. Consequently, it could have been shown by offering the pleadings. The letter in question was received in due course through the mail and was written on defendant's stationery. That such cancellation in fact issued is implicit in defendant's argument as contained in its written brief for it spends much time in arguing that the plaintiff did not show by competent evidence the exact amount of credit to which it was entitled by way of return premiums. We have no doubt that this letter was properly received in evidence.

Finally, defendant urges that plaintiff failed to prove the surrender value of the policies in question. It is only necessary to say that plaintiff was under no obligation to do so. When plaintiff's proofs showed the amount of premiums due from defendant to plaintiff, the items of surrender value were involved only as credits. It was not necessary for the plaintiff to do more than to concede a credit on this account. If the defendant was not satisfied with the credit given it to offset the affirmative claim of plaintiff, the burden was on the defendant to show what the proper credit should have been.

We are all of the opinion that the judgment should be affirmed.

Judgment affirmed.