Mifflin County Riding and Driving Association *v.* Western Mutual Fire Insurance Company of Urbana, Ohio, Appellant.

158

Argued November 20, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*William S. Bailey,* with him *John B. Pearson* and *Storey, Bailey & Rupp,* for appellant.

*Albert Houck,* with him *Miles L. Cohen,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, January 14, 1954:

On January 28, 1950, a restaurant on the Reedsville Fair Grounds in Mifflin County was destroyed by fire. The owners, the plaintiffs in this case, made claim to the Western Mutual Fire Insurance Company of

Urbana, Ohio, defendant here, for benefits payable under the policy issued by that corporation. The defendant company refused payment, stating that the building had been described in the application for insurance as a "two story frame dwelling house and stable with approved roof dwelling, occupied by not exceeding two families," whereas, in point of fact, the building was a one-story structure used as a restaurant.

Since it was obvious from the whole description in the insurance application that only one building was being insured, the most ordinary business perspicacity would have dictated to the insurance agent that there was something wrong in the application, since we no longer live in an era where the stable forms part of the dwelling.. Furthermore, the duly recognized agent of the defendant company, Otis J. Pandel, had visited the fair grounds and seen the building in question.

But the defendant company denies liability for a further reason. It says that the man who actually solicited the insurance was one Russell Romig and that he was not their representative. The record shows that Pandel first spoke to the owners about insurance and then, under circumstances which justify a conclusion of collaboration with Romig, the latter appeared on the scene a few days later and urged the purchase of insurance from the defendant company. Still later, Otis J. Pandel made out a policy for $3,000 and sent a bill for the premium thereon to Dyson F. Kline, one of the owners. The bill was paid for by check and the check cashed.

The plaintiffs produced evidence, at the trial of the lawsuit instituted for a recovery of the face value of the policy, that Romig was accepted and held out by Pandel as a person authorized to speak for him and thus the insurance company. Romig frequently so-

licited, with Pandel's permission, business for the defendant company; he quoted insurance rates, after consultation with Pandel; and he not only delivered policies but made collections in behalf of the defendant corporation. In *Isaac v. Donegal*, 308 Pa., 439, this Court said: "Where a duly authorized insurance agent, in the due prosecution of the business of his company, employs another as a subagent to solicit insurance, and perform other acts in relation thereto, the acts of the subagents within the scope of the delegated authority, have the same effect as if done by the agent himself."

It is a fact worthy of note in this connection that although Romig constituted the chief pillar of support for the defendant's case, he was not called to testify. It could not be regarded as extraordinary then that the jury should find, with this vital omission, that the defendant's whole case buckled.

The defendant company attempted to bolster its sagging proof by throwing into the empty space of Romig's absence the argument that Romig must be regarded as a broker for the plaintiffs, but this contention could only fail in the eyes of the jury since nothing from the witness stand suggested in the slightest that Romig was at all interested in the welfare of the insured or that he was their voice in any matter whatsoever.

This litigation involved an issue of fact—and fact alone. Under an able and fair charge by the learned judge presiding at the trial, that issue was submitted to the jury. "It is a well established principle that whatever evidence has a tendency to prove an agency is admissible even though it be not full and satisfactory, and *it is the province of the jury to pass upon it.* 'Direct evidence is not indispensable—indeed, frequently is not available—but instead circumstances

may be relied on, such as the relation of the parties to each other and their conduct with reference to the subject matter of the contract.' " (*Osborne v. Victor Dairies,* 138 Pa. Superior Ct. 117) (Emphasis supplied.)

We are satisfied upon review of the record that the jury had ample evidence upon which to found its conclusion that Romig was the subagent of the defendant company and that the defendant company was responsible for his representations and his acts.

Judgment affirmed.