## Perlman *v.* Pittsburgh Cabinets & Builders Supplies, Inc., Appellant.

Argued November 10, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*Meyer W. Gordon,* with him *Rothman, Gordon and Foreman,* for appellant.

*Richard S. Crone,* with him *Abe R. Cohen,* and *Crone and Cohen,* for appellees.

OPINION BY GUNTHER, J., December 17, 1959:

This appeal is from an order of the County Court of Allegheny sustaining appellee's (plaintiff's) preliminary objections to appellant's (defendant's) answer and counterclaim.

236

Plaintiff as a partnership is an agent of New Amsterdam Casualty Company and other insurance companies in the writing of insurance. On April 9, 1957, New Amsterdam, through its agent the plaintiff, insured the defendant against loss caused by employe dishonesty. While the policy was in effect defendant incurred losses due to employe dishonesty. New Amsterdam was notified of the losses but refused to make payment.

Plaintiff brought suit in assumpsit against defendant for the balance of insurance premiums in the sum of $1,149.20, alleging that it obtained for defendant some twenty insurance policies and advanced its money for premiums due different companies.

Defendant's answer and counterclaim stated that if any sums were due, they were due to New Amsterdam only through its agent, the plaintiff herein.

The main question before us is whether a claim against New Amsterdam may be set off by defendant against the agent, where the agent sues in its own right for premiums advanced for policies covering defendant.

A review of the opinion of the court below and the authorities cited by both parties leads us to the conclusion the decision sustaining the preliminary objections was in order.

It is well established that a person acting as an agent for a disclosed principal is not a party to the contract. Where one deals with an agent who acts within the scope of his authority and reveals his principal, the principal alone is liable for a breach of the contract. *Marano v. Granata*, 147 Pa. Superior Ct. 558, 561, 24 A. 2d 148.

*In Pennsylvania Company v. Wallace*, 346 Pa. 532, 31 A. 2d 71 the Supreme Court held that an authorized agent who executes a written obligation for the

principal and in his name does not incur personal liability under the instrument where the body of it, as well as the signature, discloses that he is acting only as agent.

An agent who has paid advance premiums may sue in his own name to recover from the customer the premiums so paid. *Osborne v. Victor Dairies, Inc.,* 138 Pa. Superior Ct. 117, 120, 10 A. 2d 129; *Hirsch v. Singer,* 86 Pa. Superior Ct. 605; *Wagner-Taylor Co. v. Spinelli,* 295 Pa. 455, 145 A. 505.

The appellant contends in his second question that the denial and demand for proof are sufficient where the means of proof are not within the exclusive control of the adverse party or hostile person. He avers in his answer that the number of policies, the amounts paid on the premiums and the rates applicable to the policies are within the exclusive control of plaintiff, and therefore demands proof of this matter at trial.

As to this question we also agree with the stand taken by the lower court. In *Egner v. McGinnis,* 157 Pa. Superior Ct. 532, 537, 43 A. 2d 655, it was held that if defendant has no knowledge he must make a reasonable investigation to ascertain whether the facts alleged are true.

Exhibit A of the complaint provided appellant with the policy numbers, company and coverage of each policy in issue together with the date of each charge or credit on these policies.

It is clear to us that the action in this case was instituted by the plaintiff in its own right and that the denials and demands for proof in the answer are insufficient.

Plaintiff's preliminary objections to defendant's answer and counterclaim must be sustained.

Order is affirmed.