Siple *v*. Logan et al., Appellants.

Argued September 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*A. Thomas Parke, III,* with him *Wood, Parke & Barnes,* for appellant at No. 745.

*John S. Halsted,* with him *Gawthrop & Greenwood,* for appellant at No. 755.

*Allen O. Olin,* for appellee.

OPINION BY CERCONE, J., February 27, 1975:

This appeal arises from a judgment entered for plaintiff, and against both appellants jointly, after a non-jury trial. The lower court determined that the insurance agent, Logan, negligently failed to renew fire insurance for plaintiff, who subsequently suffered a $25,000 fire loss. Reasoning that Logan was acting within the scope of his employment with Paradise Mu-

tual when he failed to exercise reasonable care in seeking the renewal, the court determined that Paradise Mutual was also liable under the doctrine of respondeat superior. In so doing the court necessarily rejected plaintiff's alternative claim in assumpsit against Paradise Mutual. We find this to be error and will reverse the court's finding that the agent was jointly liable with the insurer for the loss sustained by plaintiff.

Simply stated, the facts of the case are as follows: In 1967, plaintiff went to Logan, the insurance agent, in order to procure fire insurance for his farm property. Since Logan was not only a licensed agent of Paradise Mutual, but a broker representing various other insurance carriers as well, plaintiff had a choice of several companies with which to place the insurance. Plaintiff expressed no preference for any particular carrier, but asked for the company which would provide the least expensive fire insurance. That company proved to be Paradise Mutual and, at plaintiff's request, Logan placed the insurance with Paradise Mutual. Thereafter, for three consecutive years plaintiff requested and received renewals of the policy through Logan's agency.

In April of 1971, as he had in previous years, Logan received a notice from Paradise that plaintiff's policy was coming up for renewal. The obvious purpose of this notice was to remind Logan to solicit a renewal from plaintiff. Logan contacted plaintiff and not only reminded him to renew the policy, but advised him to increase his coverage. Per Logan's advice, plaintiff agreed to increased coverage and a renewal of the policy.

In May of 1971, Logan sent a letter to Paradise Mutual *instructing* it to increase the coverage on the fire insurance policy, but he failed to advise it of plaintiff's renewal. Paradise Mutual increased the coverage on the lapsing policy but, of course, did not provide for its renewal. The insurance company then

sent Logan an endorsement of the increased coverage, listing the expiration date as June 17, 1971, the date when the underlying policy would terminate. However, the endorsement indicated elsewhere on the form that the term for the increased coverage was three years. It was most likely this ambiguity which distracted the parties from realizing that Paradise Mutual had not actually endorsed a renewal.[1]

On July 28, 1971, Logan wrote plaintiff that both his fire and automobile insurance policies had been renewed for another year, despite the fact that as the parties admit, no premium payment was ever requested or tendered.[2] On March 19, 1972, plaintiff sustained a fire loss and notified Logan within twenty-four hours, and Logan promptly reported the loss to Paradise Mutual. Claiming that plaintiff's insurance expired on June 17, 1971, and was not renewed, the insurance company denied coverage. They persisted in this contention despite Logan's advising them that he had bound them to provide the insurance while acting as their agent in his dealings with plaintiff.

Confronted with Paradise Mutual's denial of coverage, plaintiff brought the instant lawsuit, joining both Logan and Paradise Mutual as co-defendants. The complaint alleged that either Paradise Mutual was bound by the agreement between Logan and plaintiff to renew the fire insurance with the increased coverage; or, that Logan negligently failed to procure the insurance and that, as Logan's employer in this matter,

---

[1] In fact, the bank which held the mortgage on the plaintiff's farm amended the expiration date on their copy of the insurance endorsement to conform to the "three year term." Thus, the bank scratched out 1971 as the year of expiration, and wrote in 1974.

[2] A request for payment, from the parties' apparent prior course of dealing, was a constructive condition precedent to plaintiff's duty to pay; and, Paradise Mutual has not contended that the failure to pay the premium constituted a breach of contract.

Paradise Mutual was liable for his negligence. No cross complaints were filed by either Paradise Mutual or Logan. After the court entered its verdict and judgment based upon plaintiff's count in trespass, both co-defendants appealed.

Logan argues that the lower court erred in finding that no contract for insurance existed between plaintiff and Paradise Mutual when the fire occurred. Paradise Mutual argues that the lower court erred in finding that Logan was acting within the scope of his employment when he failed to inform them of plaintiff's desire to renew the policy of fire insurance. They also assert that the court erred in refusing to determine the indemnity rights of Paradise Mutual against Logan. Both co-defendants concede that liability rests with one of them.

The appellants apparently believed that the facts of the case were susceptible to an interpretation simultaneously supporting both of plaintiff's theories of recovery, tort and assumpsit. Further reflection, however, reveals that conclusion to be theoretically impossible. It cannot be true both that a valid and enforceable contract of insurance between Paradise Mutual and the plaintiff existed *and* that Logan was negligent in failing to procure a valid and enforceable contract of insurance with Paradise Mutual. Those conclusions are clearly inconsistent. See, e.g., *Hause v. Schesel,* 167 N.W. 2d 421 (Wis. 1969). Thus, if we determine that the agreement between plaintiff and Logan was binding on Paradise, we must necessarily reverse the lower court's determination that Logan negligently failed to procure such a contract.

The threshold question is whether Logan had the requisite authority to bind Paradise Mutual to renew an outstanding policy of fire insurance without the company's approval. Clearly Logan had such authority. In 1966, after Logan's application to act as agent for

Paradise Mutual was approved by the insurance commission of the Commonwealth, Logan and Paradise Mutual entered into a formal "Agency Agreement" which provided, inter alia, that "[Logan] has authority . . . to renew policies. . . ." While other grants of authority to Logan were qualified by ostensibly subjecting his acts to approvals by Paradise Mutual, his authority to make binding agreements with respect to renewal policies was not so encumbered. Furthermore, it has been generally recognized that "where a broker holds himself out as a general agent, solicits a policy, collects a premium a part of which he retains as his commission according to his custom, and a policy is issued upon information procured by him, he is an agent of the insurer by implication as to the insured who, in good faith, dealt with him as such." 3 Couch on Insurance 2d §26:25 (1960). See also *Thomas v. Western Ins. Co.,* 5 Pa. Superior Ct. 383 (1897). Logan, who employed that procedure, manifestly was a fully authorized agent of Paradise Mutual, at least with respect to renewal policies.

Second, the evidence clearly indicates that Logan and the plaintiff validly and orally agreed to renew plaintiff's fire insurance policy including an increase in coverage. The incidents of agreement which make oral contracts of insurance binding were proved in the instant case beyond reasonable dispute. "There must be evidence of a manifestation of agreement on all essential terms, including the subject matter of the insurance . . ., the risk insured against . . ., the rate of premium, the duration and amount of coverage, and identification of the parties." R. Keeton, Insurance Law 33 (1971). See also 14 A.L.R. 3d 568 (1967). All the above terms, except the amount of coverage, were incorporated by reference in the agreement to renew; and, Paradise Mutual expressly approved the increase in coverage as ordered by Logan in his letter of May, 1971.

328

We conclude that a valid and enforceable contract of insurance existed between plaintiff and Paradise Mutual. Therefore, the lower court erred when it determined that Logan's negligence, which occurred after the oral agreement to renew, prevented a contract of insurance from arising between plaintiff and Paradise Mutual. As Professor Keeton has stated: "If the transaction in question supports an action by the applicant against the insurance company, whether in contract or some other theory, it is commonly held that the applicant has no cause of action against the intermediary." R. Keeton, Insurance Law at 51.

Although Logan's negligence in failing to inform Paradise Mutual of the full substance of his agreement with plaintiff caused some harm to both plaintiff and Paradise Mutual, at least insofar as it precipitated the instant litigation, it did not prevent a valid insurance agreement from arising. Paradise Mutual may have a cause of action against Logan for losses sustained as a result of his negligence,[3] but that grievance was not properly made part of the instant case, as by filing a cross-complaint, and will not be discussed herein.

The judgment of the lower court is reversed, and the case is remanded with instructions to the lower court to enter judgment for plaintiff, solely against Paradise Mutual Insurance Company.

It is so ordered.

---

[3] "The recovery [by the principal from the agent] may include the amount of the loss suffered by the principal, including . . . the amount spent in reasonable litigation because of it. . . ." W. Seavey, Handbook of the Law of Agency §155B at p. 253 (1964).