In the Matter of GOE–PRO, INC., Darrell Goe and Susan Goe, his wife, individually and d/b/a Darrell Goe; Pro-Ducers Pipeline, Inc., Debtors.

Bankruptcy Nos. 83–00022E, 83–00136E and 83–00183E.

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 21, 1984.

Adopted by District Court Aug. 23, 1984.

Warren W. Bentz and Bentz & Chestek, Erie, Pa., for claimant.

Lawrence C. Bolla, and Quinn, Gent, Buseck & Leemhuis, Inc., Erie, Pa., for debtors.

## MEMORANDUM AND ORDER ALLOWING CLAIM OF KEITH K. MILES INSURANCE AGENCY

WM. B. WASHABAUGH, Jr., Bankruptcy Judge:

The debtor-in-possession in this Chapter 11 proceeding in which a Plan of Reorganization was confirmed July 11, 1983, objects to the claim of the Keith K. Miles Insurance Agency for insurance premiums on the grounds (1) that the insurance companies represented by the claimant agency are the real parties in interest who should be proponents of the claim rather than the claimant; (2) that of the total premiums of $36,191.00 due the insurers, the claimant has paid only $9,252.00 with $26,139.00 of said premiums remaining unpaid (probably because the claimant has not received payment for the premiums from debtor); and (3) that the sum of $6,035.00 representing the amount of a theft loss asserted by the debtor some years ago against an insurance company in financial difficulty under

a policy it purchased from the claimant on which the premium was paid to the insurer should be deducted by way of set off from the amount now owing for the current premiums (the debtor states he and the claimant at one time agreed to this arrangement but such agreement is not only denied, but is unsupported by consideration or confirming testimony).[1]

■ It is an irrefutable principle of Pennsylvania law that an insurance agent who has delivered insurance policies and paid or become liable for payment of the premiums may sue in his own name and recover such premiums from the customer: *Osborne v. Victor Dairies, Inc.*, 138 Pa.Super. 117, 10 A.2d 129 (1939); *Perlman v. Pittsburgh Cabinets and Builders Supplies Inc.*, 191 Pa.Super. 234, 156 A.2d 373 (1959); 90 A.L.R.2d 1291, 1293 and 43 Am. Jur.2d 232. The principle that the agent is not required to allege payment of premiums in his complaint or statement of claim as long as either remittance of or liability for the premiums is alleged has been reiterated many times by the Pennsylvania courts: *Siple v. Logan,* 232 Pa.Super. 322, 335 A.2d 758 (1975); *Sands v. Granite Mutual Insurance Co.,* 232 Pa.Super. 70, 331 A.2d 711 (1974); *Walter v. Mocycenko,* 77 PLJ 285 (C.P.Pa.1929); *Ganter v. Cohen,* 44 Lanc.Law Review 149, 153 (C.P.Pa. 1934); and *Olewine v. Andrews, et al.,* 77 Pa.D. & C. 151 (C.P.Pa.1950). In *Walter v. Mocycenko,* supra a recovery by an agent who had not paid the premiums, was expressly allowed, the Court stating at page 286:

"These policies were accepted by the mortgagors and by the mortgagees, and they were protected to the extent of the amounts mentioned in said policies, from August 1st, 1927 to January 10th of the following year.

"It is also contended by the defendants that the proper plaintiff in this case, if anyone had a right to recover, would be the Insurance Company. However, the plaintiff having furnished these policies and having demanded payment on delivery, was liable to the Insurance Company; the dealings in this matter were entirely between the plaintiff and the defendants."

■ It is true, as said in *Perlman v. Pittsburgh Cabinets and Supplies Inc.,* supra, that when a person acts as an agent for a disclosed principal, the principal, not the agent, becomes the responsible party to the contract, and that the principal alone is liable for a breach thereof. The agent has authority to deliver the policies and bind the principal on whose behalf he acts, however, and he is liable for the payment of the involved premiums to the insurance company: *Sands v. Granite Mutual Insurance Co.,* supra in which it is also held that payment of premiums to a person authorized to deliver the policies of insurance is a valid payment, as unequivocally held inter alia, in *Henderson v. U.S. Fidelity & Guaranty Co.,* 620 F.2d 530, cert. den. 449 U.S. 1034 (5th Cir.1980), *Chicago Insurance Co. v. Camors,* 296 F.Supp. 1335 (N.D.Ga.1969), aff'd. 420 F.2d 376 (5th Cir. 1970), *Transportation Insurance Co. v. David,* 324 F.2d 696 (1st Cir.1963), *Transcontinental Oil Co. v. Atlas Assurance Co.,* 278 Pa. 558, 123 A. 497 (1924), *Standard Motor Freight for Use of Ins. Premium Finance Co. v. Pa. Threshermen and Farmers Mutual Cas. Ins. Co.,* 157 Pa.Su-

---

1. The question of whether coverage under the policy was terminated by an alleged oral conversation between Frank Peirson representing the debtor and the claimant about December 31, 1982 has been abandoned by the debtor, and it is not necessary to decide whether the pro rated portion of the premiums of $2,903 for the period subsequent to the filing of the Chapter 11 Petition January 11, 1983 until March 23, 1983 when the actual cancellation of the policies took place should be paid in full as a post-petition administrative business expense instead of being included with the balance of the claim of $33,288 as a general unsecured claim payable at 70% under the provisions of the Plan. Whether the payment of a windstorm loss in the sum of $9,803 that occurred subsequent to the alleged termination conversation is sufficient by itself to nullify the alleged agreement of termination a fortiori is also not before us.

per. 484, 43 A.2d 619 (1945), *Gosch v. Fireman's Insurance Co.*, 33 Pa.Super. 496 (1907), *Thomas v. Western Insurance Co.*, 5 Pa.Super. 383 (1897).

■ It follows that the position of the debtor that the companies rather than the claimant are the sole parties in interest exclusively entitled to present these claims for premiums due for policies of insurance it duly accepted must be overruled and that the objection that only the $9,252.00 portion of the $36,191.00 premiums claimant remitted to the insurance companies can be allowed must be denied; and that the full amount of the claim in the sum of $36,191.00 should be and hereby is allowed. Moreover, as the insurance companies issuing the policies of insurance, not the agent, are bound by the policies and liable for losses arising thereunder, the $6,035.00 theft loss the debtor was unable to collect under a policy as to which the premium was remitted by the claimant to an insurance company some time in the past is irrelevant and cannot be availed of by the debtor as a deduction or set off against the amount presently due and owing for the policies of insurance in effect May 23, 1983 (question three, supra).

An appropriate Order will be recommended for approval of the United States District Court.

### ORDER

At Erie, in the Western District of Pennsylvania, this 21st day of August, 1984, IT IS ORDERED that the claim of Keith K. Miles Insurance Agency for $36,191.00 is allowed and the debtors' objection thereto is dismissed for the reasons set forth in the foregoing Memorandum of William B. Washabaugh, Jr., United States Bankruptcy Consultant.

WEBER, District Judge.

The above Order is hereby adopted and confirmed this 23rd day of August, 1984 on recommendation of William B. Washabaugh, Jr., Bankruptcy Consultant.